**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| Thomas McGivern | ) | |
| | ) | |
| Plaintiff | ) | Case No.   9:22cv80181 |
| | ) | |
| vs. | ) | |
| | ) | |
| La Fontana Apartments of Palm Beach, Inc.. | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Thomas McGivern ("Plaintiff") who by and through the undersigned counsel files this Complaint against La Fontana Apartments of Palm Beach, Inc.. ("Defendant" and or "Cooperative Corporation") and alleges as follows:

1. This is an action at law and in equity against Defendant to address deprivation of rights, privileges and immunities secured by the Federal Fair Housing Act, 42 U.S.C. §3604, §3613, and the Florida Fair Housing Act, Chapter 760.23 *et seq.*, Florida Statutes, and for unlawful denial of reasonable accommodations to Plaintiff, a disabled individual.

## JURISDICTION AND VENUE

2. This Court has jurisdiction and venue over this action pursuant to 42 U.S.C. §3613(a) and 28 U.S.C. §1331, §1343(a), and §§2201-2202. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367 to address violation of Plaintiff's rights under state law, which arise under the same nucleus of operative facts and circumstances as Plaintiff's federal cause of action.

3. Venue is appropriate in this District pursuant to 28 U.S.C. §1391, as Defendant is a Cooperative Corporation located in this District, and all acts and transgressions giving rise to the cause of action herein occurred in this District.

## PARTIES

4. At all times material hereto, Plaintiff, THOMAS MCGIVERN, was and is a resident of Palm Beach County, Florida, over the age of 18 years, *sui juris*, and an individual with significant functional impairments and conditions which substantially limit one or more major life activities. As set forth more fully below and which were provided to the Defendant condominium Cooperative Corporation in furtherance of requests for reasonable accommodation. Mr. McGivern is a 100% disabled United States Veteran suffering from low vision and Glaucoma, and PTSD. Mr. McGivern walks with the aid of a white cane that is clearly visible to the Defendant.

5. At all times material hereto, Defendant, LA FONTANA APARTMENTS OF PALMBEACH, INC., was and is a Florida not-for-profit corporation with a legal address of 2800 N FLAGLER DRIVE W. PALM BCH., FL 33407.

## FACTS

6. Plaintiff is a 100% disabled US veteran who has been diagnosed with Low Vision and Glaucoma, and PTSD. As a result of his conditions, he has been prescribed by his doctor Medical Marijuana to treat both his Glaucoma and PTSD.

7. Plaintiff has a "disability" as that term is defined under the Americans with Disabilities Act, and the Fair Housing Act and the Rehabilitation Act of 1973.

8. Plaintiff resides at 2800 N FLAGLER DRIVE apartment 509, W. PALM BCH., FL 33407.

which is governed by the Defendant Cooperative Corporation.

9. Plaintiff is a unit owner and member of the Cooperative Corporation.

10. The Cooperative Corporation maintains a building, including residential housing units, and the surrounding land and common areas. Recently the Cooperative Corporation passed a regulation against smoking on the Cooperatives Property which includes Plaintiffs personal housing unit, which it seeks to enforce against the Plaintiff.

11. Specifically the Cooperative Corporation sent through its counsel a letter on December 31st 2021 which required Plaintiff to accept the associations "reasonable accommodation" of a designated smoking area. The letter has been attached as exhibit A.

12. The designated smoking area is located on the edge of the association property, along the intra-coastal waterway, and would require the Elderly Visual Impaired and Disabled individual to travel outside of his residence, across a long, poorly lit, uneven area of lawn, to stand by the edge of a potentially fatal drop into the waterway, exposed to all the elements including cold or inclement weather, storms, and excessive heat, for the purpose of using his prescribed medications. Designating said area as a "reasonable accommodation" is so unreasonable as to the Low Vision and Disabled individual that it shows an active discrimination and retaliation against the Plaintiff in further violation of the ADA and Fair Housing act.

13. Attached as Exhibit "B" are examples of the multiple medical notes and requests made and sent to the Cooperative association including the department of veterans affairs certification of 100% disability, a letter from the low vision optometrist certifying his Glaucoma and Low Vision and determining that he needs "A well lit area for safety and to reduce falls", a letter from Dr. Kenneth Synder stating "it would be hazardous for him to have to go outside to

smoke marijuana", a letter from Dr. Jennifer Guthrie stating "Forcing him to go outside of his own place of residence to use his state sanctioned medication is not only a danger to his wellbeing with his severe sight disability, but also against the provision of the ADA."

14. All of which were in the possession of the association on December 31st 2021, when they sent the letter (exhibit A) essentially requiring the disabled individual to travel outside of the building in all weather conditions, at all hours of the day and evening, on an unmarked and uneven grass area, not properly lit, and with no security, in order to take his lawfully prescribed medication.

## COUNT I:
## VIOLATION OF THE FEDERAL HOUSING ACT

15. The allegations of paragraphs 1 through 14 are hereby re-alleged as if fully set forth herein.

16. This is an action for injunctive relief and damages pursuant to the Federal Fair Housing Act, 42 U.S.C. §3613, which provides for a civil action to remedy discrimination against disabled persons as provide by 42 U.S.C. §3604 (Section 804 of the Fair Housing Act).

17. Pursuant to 46 U.S.C. §3613, if the Court finds that a discriminatory housing practice has occurred or is about to occur, the Court may award Plaintiff actual and punitive damages, as well as injunctive relief.

18. The Plaintiff is an "aggrieved person" as that term is defined pursuant to 42 U.S.C. § 3602.

19. The Defendant Cooperative Corporation committed a "discriminatory housing practice", as that term is defined pursuant to 42 U.S.C. § 3602 (Section 804(f)(3)(b) of the Fair Housing Act) by and through the Cooperative Corporation's refusal to make reasonable accommodations to the Plaintiff's request and by making a patently facetious, unreasonable, and retaliatory accommodation offer to Plaintiff.

20. Plaintiff seeks a permanent injunction against Defendant enforcing its no smoking policy against Plaintiff, and ordering a true "reasonable Accommodation".

21. According to the Joint Statement of the Department of Housing and Urban Development and the Department of Justice, in evaluating a reasonable accommodation request pursuant to the Fair Housing Act, where a disability is not readily apparent a Cooperative Corporation may only request:

    Information that is: (i) necessary to verity that the person meets the act's definition of a disability (i.e. has a physical and mental impairment that substantially limits one or more major life activities); (ii) describes the needed accommodation; (iii) shows the relationship between the person's disability and the need for the requested accommodation.

22. In this case, Plaintiff properly provided documentation from veteran affairs and multiple treating physicians see Exhibit B.

23. The Cooperative Corporation failed to take any action to accommodate the Plaintiff's request for a reasonable accommodation and continued to insist that the offered accommodation of the unlit, unsecured, outdoor space along the intracoastal was an appropriate accommodation for a visually impaired and disabled individual.

24. Instead, the Plaintiff sent the letter attached as Exhibit "A" by their attorneys which upon information and belief, was done to deter the accommodation request made by the Plaintiff.

25. The Defendant's conduct is described hereinabove is intentional and malicious, and undertaken with reckless and wanton disregard for Plaintiff's civil rights and health, causing Plaintiff severe emotional and psychological stress and distress, warranting an award of damages.

26. Plaintiff has retained the undersigned counsel to bring this action and is entitled to recover all of his reasonable attorney's fees and costs from the Defendant, pursuant to 42 U.S.C. §3613(c)(2).

WHEREFORE, Plaintiff, demands judgment against the Defendant:

(i) awarding compensatory damages;

(ii) awarding temporary and permanent injunctive relief:

    a. Exempting Plaintiff from the no-smoking policy as to medically prescribed substances.

    b. Requiring Defendant to provide a reasonable accommodation in light of Plaintiff Age, Vison Status and related mobility issues.

    c. Prohibiting Defendant, or any person or agent acting on orders or at the behest of Defendant, from harassing Plaintiff when using prescribed medical marijuana.

    d. Prohibiting Defendant, including any officer, agent, or employee of Defendant, from threatening to take, taking, or continuing, any retaliatory or punitive action against Plaintiff including but not limited to communicating, threatening, or charging any monetary amounts due or payable by Defendant as a consequence of this lawsuit to any Cooperative unit or homeowner, except as a special assessment distributed equally amongst all unit owners within the Defendant community;

    e. Requiring Defendant to disseminate a copy of this Court's injunction to all of Defendant's officers, agents, and employees, as well as all owners and residents of the Defendant Cooperative Corporation, and to further advise all residents within the condominium property of his/her/their rights and obligations under the Fair Housing Act;

    f. Requiring that Defendant's employees, agents, property management company(ies) and/or other persons who deal (on behalf of Defendant) with the rental and/or management of housing units within the Defendant condominium be trained as to the terms of the Fair Housing Act, and its implementing regulations;

    g. Requiring that the Defendant maintain for inspection in it offices, during all regular business hours, by Plaintiffs and all other lawful residents of the condominium, copies of the Fair Housing Act, Fair Housing Amendments Act, telephone number for the U.S. Department of Housing and Urban Development for complaints with regards to the Fair Housing Act, and (within 30 days after entry of the permanent injunction in this case) continuing proof of compliance with all terms and conditions set forth by the final permanent injunction fashioned by the Court in this case.

    h. awarding reasonable attorney's fee and litigation costs pursuant, *inter alia*, to *42 U.S.C. §3613(c)(2); Fla. Stat. §760.35(2);* and

    i. entering all other relief as is deemed just and equitable under the circumstances presented.

## COUNT II:
## VIOLATION OF THE FLORIDA FAIR HOUSING ACT

27. The allegations of paragraphs 1 through 13 are hereby re-alleged as if fully set forth herein.

28. This is an action for injunctive relief and damages pursuant to the Florida Fair Housing Act, which provides for a civil action to remedy housing discrimination against disabled persons.

29. Pursuant to Chapter 760.35(2), Florida Statutes, if this Court finds that a discriminatory housing practice has occurred, the Court may award to the Plaintiff actual and punitive damages, as well as injunctive relief.

30. Defendant's conduct as set forth hereinabove constitutes a discriminatory housing practice and a violation of the Florida Fair Housing Act.

31. Plaintiff seeks a permanent injunction against Defendant requiring Defendant to make such accommodations as are necessary to provide full and equal access to Plaintiff to his unit including use of Medical Marijuana within Plaintiffs Unit, and/or on the unit Balcony.

32. The Defendant's conduct as described more fully above is intentional and malicious, and undertaken with reckless and wanton disregard for Plaintiff's civil rights and health, causing Plaintiff to suffer from severe emotional and psychological stress and distress, and warranting an award of compensatory and punitive damages.

33. Plaintiff has retained the undersigned counsel to bring this action and is entitled to recover her reasonable attorney's fees and costs pursuant to Chapter 760.352, Florida Statutes.

WHEREFORE, Plaintiff demands judgment against the Defendant:

(i)  awarding compensatory damages;

(ii) awarding temporary and permanent injunctive relief:

    a. Exempting Plaintiff from the no-smoking policy as to medically prescribed substances.

    b. Requiring Defendant to provide a reasonable accommodation in light of Plaintiffs Age, Vison Status and related mobility issues.

    c. Prohibiting Defendant, or any person or agent acting on orders or at the behest of Defendant, from harassing Plaintiff when using prescribed medical marijuana.

d. Prohibiting Defendant, including any officer, agent, or employee of Defendant, from threatening to take, taking, or continuing, any retaliatory or punitive action against Plaintiff including but not limited to communicating, threatening, or charging any monetary amounts due or payable by Defendant as a consequence of this lawsuit to any cooperative unit or homeowner, except as a special assessment distributed equally amongst all unit owners within the Defendant community;

e. Requiring Defendant to disseminate a copy of this Court's injunction to all of Defendant's officers, agents, and employees, as well as all owners and residents of the Defendant Cooperative Corporation, and to further advise all residents within the property of his/her/their rights and obligations under the Fair Housing Act;

f. Requiring that Defendant's employees, agents, property management company(ies) and/or other persons who deal (on behalf of Defendant) with the rental and/or management of housing units within the Defendant condominium be trained as to the terms of the Fair Housing Act, and its implementing regulations;

g. Requiring that the Defendant maintain for inspection in it offices, during all regular business hours, by Plaintiffs and all other lawful residents of the condominium, copies of the Fair Housing Act, Fair Housing Amendments Act, telephone number for the U.S. Department of Housing and Urban Development for complaints with regards to the Fair Housing Act, and (within 30 days after entry of the permanent injunction in this case) continuing proof of compliance with all terms and conditions set forth by the final permanent injunction fashioned by the Court in this case.

h.  awarding reasonable attorney's fee and litigation costs pursuant, *inter alia*, to *42 U.S.C.§3613(c)(2); Fla. Stat. §760.35(2);* and

i.  entering all other relief as is deemed just and equitable under the circumstances presented.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 4th day of February, 2022.

Respectfully submitted,

/s/ *Neil Bryan Tygar*

Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
 Thomas McGivern
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:    (561) 455-0280
Facsimile:    (561) 455-0281
Email:    ntygar@me.com